UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| **DAIDRIE LANGLEY GRAHAM** | : | CASE NO. 23-62269-jwc |
| Debtor | : | Judge Jeffery W. Cavender |
| **DEBORAH HAWKINS, LISA BRANTLEY, TIARA HOLMES, AND PEERLESS LOGISTICS SYSTEM, LLC,** | : | ADVERSARY PROCEEDING NO. |
| Plaintiff, | : | |
| v. | : | |
| **DAIDRIE LANGLEY GRAHAM,** | : | |
| Defendant | : | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiffs Deborah Hawkins, Lisa Brantley, Tiara Holmes, and Peerless Logistics System LLC ("Plaintiffs"), creditors of Defendant Daidrie Langley Graham ("Defendant") and pursuant to Federal R. Bankr. P. 4007 and 11 U.S.C. § 523(c), bring this *Complaint to Determine Dischargeability of Debt* (the "Complaint") and show the Court as follows:

**Nature of Action and Preliminary Allegations**

1. This adversary proceeding is brought to object to the entry of discharge in the Chapter 7 bankruptcy case of Defendant, Case Number 23-62269-jwc, pending in the U.S. Bankruptcy Court for the Northern District of Georgia. Defendant is not eligible for discharge as a debtor in this bankruptcy case pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6).

2. Defendant has knowingly, willfully, and maliciously engaged in tortious misconduct against Plaintiffs Hawkins, Brantley, and Holmes, that included fraudulent misrepresentations and fraudulent concealment, which led to a jury verdict awarding damages for fraud, awarding attorneys' fees, and awarding punitive damages against Daidrie Graham, on June 24, 2022.

3. Less than 12 hours after the jury verdict, Defendant began a new scheme to maliciously and wantonly destroy Plaintiff Peerless Logistics System and financially harm Plaintiffs Hawkins, Brantley, and Holmes. Defendant destroyed the value of Plaintiff Peerless Logistics System by transferring, or attempting to transfer, its assets, including contractual relationships, goodwill, and receivables to Defendant and Defendant's affiliates (including her co-debtors Clarendon Three, LLC and Peerless Logistics System Atlanta LLC).

4. In the month following the June 30, 2021 judgment—which included an injunction enjoining Defendant from making distributions of Peerless Logistics System's funds to herself without authorization—Defendant made transfers of over $175,000 to a Clarendon Three American Express credit card account used by Defendant.

5. Defendant failed to comply with the July 28, 2024 Omnibus Order requiring her to return the stolen funds to Plaintiff Peerless Logistics System, to pay a criminal contempt fine, and to pay an award of attorneys' fees by August 28, 2023.

**Jurisdiction and Venue**

1. Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 11, 2023.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and 11 U.S.C. § 523.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157.

4. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises under the Chapter 7 bankruptcy case of Defendant pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 23-62269-jwc.

5. This Complaint is timely filed, as March 18, 2024 is the deadline for filing a complaint that debt should be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6).

**Background**

6. In August 2019, Defendant attempted to squeeze out Plaintiffs Brantley and Hawkins from Plaintiff Peerless Logistics System, LLC—the company Plaintiffs Brantley, Hawkins, Holmes, and Defendant had co-founded. In November 2019, Defendant attempted to buy-out and then to squeeze-out Plaintiff Holmes from Peerless Logistics System.

7. From September 2019 to June 2021, Ms. Graham forced Ms. Brantley, Ms. Hawkins, and Ms. Holmes to litigate with her over ownership of Peerless in Fulton County Superior Court, Civil Action No. 2019CV326135 (the "Fulton County Litigation").

8. During the Fulton County Litigation, Plaintiffs learned that Defendant had destroyed the notarized version of the Articles of Organization agreement for Peerless Logistics System, destroyed the Peerless Logistics System email accounts of Plaintiffs Brantley, Hawkins, Holmes, and a former HR Director Zynga Peters.

9. Due to Defendant's destruction of evidence and failure to comply with court orders, Ms. Graham was sanctioned the day trial began. On June 24, 2021, the jury returned a verdict against Ms. Graham and for Ms. Brantley, Ms. Hawkins, and Ms. Holmes.

10. The verdict included an award of $75,000 against Ms. Graham as damages on a fraud claim, $100,000 in punitive damages, and over $100,000 in attorneys' fees. The verdict also included declaratory judgment that Ms. Brantley, Ms. Hawkins, and Ms. Holmes each owned 23.33% of Peerless (collectively, 70% of Peerless). Finally, the Fulton County Superior Court entered a permanent injunction against Defendant to, among other things, enjoin her from taking distributions from Peerless Logistics System without the consent of Plaintiffs Hawkins, Brantley, and Holmes.

11. Within 12 hours of the jury verdict and the permanent injunction, Defendant created Peerless Logistics System Atlanta LLC. She subsequently used numerous iterations of the Peerless name to continue her fraudulent scheme.

12. From July to October 2021, Defendant and her co-conspirators drained Peerless Logistics System of its resources and its revenue from its main client Amazon.

13. In October 2021, Ms. Graham disclosed that she had participated in a meeting with Amazon that led to a purported "mutual" agreement to terminate

Amazon's contract with Peerless Logistics System. But Plaintiffs later obtained evidence that Defendant had notified Amazon that she was ending the relationship with Peerless Logistics System. Defendant later made attempts to transfer Peerless Logistics System's relationship with Amazon to Peerless Logistics System Atlanta.

14. Finally, Defendant redirected Peerless Logistics System's revenues to bank accounts under her control starting in July 2021.

**Destruction and Theft of Peerless Logistics System's Assets**

15. According to an economic damages expert hired by Plaintiffs in a litigation pending in the Georgia State-wide Business Court with Case No. 21-GSBC-0024, the value of Plaintiff Peerless Logistics System in June 2021 was $1,781,700, and the value of Peerless Logistics System in July 2023 was below $65,000.

16. In July 2021, Defendant violated the permanent injunction against her by transferring over $175,000 to an American Express credit card account through her company Clarendon Three LLC.

17. When Plaintiffs learned about Defendant's unauthorized transfers of Peerless Logistics System's funds for the benefit of Defendant (and her company Clarendon Three), they alerted Plaintiff Peerless Logistics System's bank about the fraudulent activity. After one of the transfers, they contacted Wells Fargo and requested a recall of the transfer.

18. After Plaintiffs created new bank accounts at Wells Fargo for Peerless Logistics System, which would automatically receive funds sent to the old bank accounts, Defendant entered Amazon's Payee Portal without authorization and changed the recipient bank information to one of Defendant's bank accounts.

19.  In July 2021, Plaintiffs sent Defendant emails and a letter demanding that Defendant return Peerless Logistics System's computers and notifying Defendant that she was not authorized to access Peerless Logistics System's computers or computer networks. Despite this, Defendant continued accessing Peerless Logistics System's computers and computer networks, and used both to destroy the value of Peerless Logistics System, and destroyed Peerless Logistics System's data.

20.  Defendant then submitted a false affidavit to the Fulton County Superior Court claiming that the reason Amazon had stopped sending payments to Plaintiff Peerless Logistics System's bank account was because of Plaintiffs Hawkins, Brantley, and Holmes.

21.  After being ordered to submit a verification about the missing funds, Defendant admitted through counsel in August 2021 that she had received the funds.

22.  In August 2021, Defendant and Plaintiffs negotiated a consent order appointing a receiver over Peerless Logistics System. Despite this, Defendant withheld critical information and data from the Receiver, continued receiving funds from Amazon, and continued deleting Peerless Logistics System's data, and used Peerless Logistics System's technology and employees to create a rival business intended to confused Peerless Logistics System's customer.

23.  Defendant created a series of companies starting with the name "Peerless," most recently including Peerless Systems, Inc., and has been receiving tens of thousands, if not hundreds of thousands of dollars a month in revenue through Peerless Systems, Inc.

24.  During the State-wide Business Court litigation, Defendant was again caught destroying data and evidence. On August 24, 2023, the State-wide Business Court found Defendant in contempt.

## Count I
### (11 U.S.C. § 523(a)(2)(A))

25. Plaintiffs incorporates and restate the allegations of Paragraphs 1 through 24 as though set forth fully herein.

26. Defendant was found liable for fraud to Plaintiffs Hawkins, Brantley, and Holmes on June 24, 2021. As a result of the jury finding of fraud against Defendant, the Fulton County Superior Court entered a Judgment against Defendant in the amount of

27. Defendant made the representations to Plaintiff in the Communication with the intent to deceive Plaintiff.

28. Plaintiff relied upon Defendant's representations in the Communication when it wired the Funds.

29. Plaintiff reliance upon Defendant's representations in the Communication was reasonable.

30. Plaintiff has been damaged as a result of Defendant's false representations, false pretenses, or actual fraud.

31. Accordingly, Plaintiff is entitled to an Order and Judgment excepting its debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## Count II
### (11 U.S.C. § 523(a)(4))

32. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 24 as though set forth fully herein.

33. Defendant, individually and through Clarendon Three, LLC and her co-conspirators, took over $175,000 from by fraudulently inducing Plaintiff to wire the Funds to JPMorgan Chase.

34. Defendant acted with the intent to convert the Funds or permanently deprive Plaintiff of the Funds.

35. Defendant's conduct amounts to larceny.

36. Accordingly, Plaintiff is entitled to an Order and Judgment excepting its debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4).

## Count III
### (11 U.S.C. § 523(a)(6))

37. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 24 as though set forth fully herein.

38. Defendant's conduct in destroying the enterprise value of Peerless Logistics System was deliberate and intentional.

39. Defendant intended to cause injury to Plaintiffs by draining Peerless Logistics System's bank accounts and redirecting Peerless Logistics System's receivables to bank accounts owned by Defendant or her affiliates.

40. Defendant intended to cause injury to Plaintiffs by communicating verbally and in writing to Amazon that Defendant was terminating the relationship between Peerless Logistics Systems and Amazon.

41. Defendant intended to cause injury to Plaintiffs by destroying Peerless Logistics Systems' data, email accounts, cloud storage, and

42. Defendant's conduct was objectively and substantially certain to harm Plaintiffs.

43. Defendant's conduct amounts to a willful and malicious injury to Plaintiffs or the property of Plaintiffs.

44. Accordingly, Plaintiffs are entitled to an Order and Judgment excepting their debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs pray that this Court:

(i) Enter an Order and Judgment excepting Defendant's debt to Plaintiffs from discharge;

(ii) Order that Plaintiffs' attorneys' fees and expenses and all costs incurred in this action be deemed a nondischargeable debt of Defendant pursuant to 11 U.S.C. § 523(a)(6); and

(iii) Granting such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted this March 18, 2024.

WOLFE LAW, LLC

*/s/ Eliyahu E. Wolfe*
Eliyahu E. Wolfe
Georgia Bar No. 776278

1201 W. Peachtree St. NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 963-0013
Facsimile: (404) 963-0023
ewolfe@wolfe.law

*Counsel for Plaintiffs*
*Deborah Hawkins, Lisa Brantley, Tiara Holmes, and Peerless Logistics System LLC*