UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| DAIDRIE LANGLEY GRAHAM, | : | CASE NO. 23-62269-jwc |
| Debtor | : | |
| S. GREGORY HAYS, Chapter 7 Trustee | : | ADVERSARY PROCEEDING NO. _____ |
| Plaintiff, | : | |
| v. | : | |
| MARSEL SPEARS | : | |
| Defendant | : | |

**COMPLAINT FOR TURNOVER**

COMES NOW S. Gregory Hays, as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Daidrie Langley Graham ("Debtor"), and Plaintiff herein, and files this Complaint, showing the Court as follows:

**Jurisdiction, Venue, and Parties**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) of the subject matter of this proceeding because the claims asserted herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

2. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Daidrie Langley Graham, Case No. 23-62269-jwc, currently pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Case").

3. Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court.

4. Defendant Marsel Spears ("Defendant") is subject to the jurisdiction of the Court and may be served at 5304 Derby Manor Lane, Suite 202, Upper Marlboro, MD 20772.

**Background**

5. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 11, 2023.

6. Trustee was appointed as the interim Chapter 7 trustee in this case.

7. The meeting of creditors was concluded on January 16, 2024. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

8. At the commencement of the Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (together, the "Bankruptcy Estate") that includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

9. Debtor's *Amended Schedule A/B: Property* indicates that Debtor is the owner of a 3 carat diamond ring (the "Ring") in the possession of Spears (Doc. No. 16, Page 4 of 18).

10. Debtor's *Amended Schedule D: Creditors Who Have Claims Secured by Property* indicates that Spears is a creditor owed $30,000 secured by the Ring, which is valued at $50,000.

11. The Ring is property of the Bankruptcy Estate.

**Count I**
**(Turnover of Property)**

12. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 11 above as though fully set forth herein.

2

13. Pursuant to 11 U.S.C. 542(a), "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that debtor may exempt, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

14. Defendant is not a custodian as defined by 11 U.S.C. § 101(11).

15. The Ring is not of inconsequential value or benefit to the Bankruptcy Estate.

16. Accordingly, Defendant must deliver the Ring to Trustee or account for the Ring or its value.

WHEREFORE, Trustee prays that this Court enter an Order and judgment in favor of Trustee compelling Defendant to deliver to Trustee the Ring or account for the Ring or its value, and granting such other relief as is just and proper, including casting of all costs against Defendant.

Dated: May 1, 2024

                                       LAMBERTH, CIFELLI, ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373