UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DAIDRIE LANGLEY GRAHAM, | : | CASE NO. 23-62269-jwc |
| | : | |
| Debtor | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee | : | ADVERSARY PROCEEDING |
| | : | NO. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAIDRIE LANGLEY GRAHAM, | : | |
| | : | |
| Defendant | : | |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727**

COMES NOW S. Gregory Hays, as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Daidrie Langley Graham, and files this *Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727*, showing the Court as follows:

**Jurisdiction, Venue, and Parties**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) of the subject matter of this proceeding because the claims asserted herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

2. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Daidrie Langley Graham, Case No. 23-62269-jwc, currently pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Bankruptcy Case**").

3. Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court. Defendant Daidrie Langley Graham ("Debtor") is subject to the jurisdiction of the Court and may be served at 6595 Roswell Road, STE-G PMB 747, Atlanta, GA 30328, and through her counsel, Will B. Geer, Rountree, Leitman, Klein & Geer, LLC, Century Plaza 2987 Clairmont Road, Suite 350, Atlanta, GA 30329.

## Background

4. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 11, 2023.

5. Trustee was appointed as the interim Chapter 7 trustee in this case.

6. The meeting of creditors was concluded on January 16, 2024. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

7. At the commencement of the Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (together, the "Bankruptcy Estate") that includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

## Real Properties

8. On or about June 21, 2002, Debtor f/k/a Daidrie Langley acquired ownership of certain real property with the common address of 6321 Hunting Creek Road, Atlanta, Fulton County, Georgia 30328 (the "Residence"), pursuant to a Warranty Deed from Janet Hollenbeck recorded at Book 32773, Page 200, Fulton County Records.

2

9. On or about June 10, 2004, Debtor f/k/a Daidrie Langley acquired ownership of certain real property with the common address of 1157 Village Main Street, Stone Mountain, DeKalb County Georgia 30088 (the "Stone Mountain Property"), pursuant to a Limited Warranty Deed from Barry L. Brumfield recorded at Book 16283, Page 176, DeKalb County Records.

10. On or about April 27, 2005, Debtor f/k/a Daidrie Langley acquired ownership of certain real property with the common address of 1143 Arlington Parkway, Atlanta, DeKalb County, Georgia 30324 (the "Arlington Property") pursuant to a Warranty Deed (the "Arlington Warranty Deed") from Brittlin, LLC, recorded at Book 17392, Page 327, DeKalb County Records. A misspelling of Debtor's name in the Arlington Warranty Deed was corrected by Quit Claim Deed dated August 30, 2006, recorded at Book 17898, Page 662, DeKalb County Records.

11. On or about April 29, 2005, Debtor f/k/a Daidrie Langley acquired ownership of certain real property with the common address of 1218 Hosea L. Williams Drive, Atlanta, DeKalb County, Georgia, 30317 (the "Hosea Williams Property"), pursuant to a Warranty Deed from Jamil Abdul Mohebi and Babak Safarriyeh recorded at Book 17459, Page 760, DeKalb County Records.

12. On information and belief, on September 22, 2008, Debtor married Vernon Graham ("Graham"). Debtor was not married to Graham when she obtained her interest in the Residence, the Stone Mountain Property, the Arlington Property, and the Hosea Williams Property.

13. On or about October 3, 2013, Debtor transferred her interest in the Residence to Debtor and Graham as *Joint Tenants with Right of Survivorship* pursuant to a Warranty Deed recorded at Book 55408, Page 332, Fulton County Records.

## The Fulton County Litigation

14. On or about September 3, 2019, Deborah Hawkins and Lisa Brantley ("Initial Plaintiffs") filed a Complaint against Debtor and Tiara Holmes ("Holmes") in the Superior Court

3

of Fulton County, Case No. 2019CV326135 (the "State Court Action"), alleging, among other things, that Debtor attempted to "squeeze out" the Initial Plaintiffs from their ownership in Peerless Logistics System, LLC ("Peerless").

15. The Initial Plaintiffs allege that Debtor subsequently attempted to buy-out Holmes' interest in Peerless and then attempted to "squeeze-out" Holmes from her ownership in Peerless. Holmes ultimately joined the Initial Plaintiffs as a plaintiff in the Fulton County Litigation (collectively, the Initial Plaintiffs and Holmes are referred to as "Plaintiffs")

16. Trial was set for June 21, 2021. Plaintiffs allege that Debtor destroyed evidence during the pendency of the Fulton County Litigation. On June 21, 2021, the Fulton County Superior Court entered an Order sanctioning Debtor for, among other things, spoilation of evidence.

17. The Fulton County Superior Court held a jury trial and on June 24, 2021, the jury returned a verdict against Debtor and in favor of Plaintiffs for (i) fraud in the amount of $75,000, (ii) punitive damages in the amount of $100,000, and (iii) attorneys' fees in the amount of $105,866.45. The verdict also included a declaratory judgment that Plaintiffs each owned 23.33% of Peerless. On June 30, 2021, the Fulton County Superior Court entered a Judgment on the verdict (the "Judgment").

18. Plaintiffs claim that within 12 hours of the jury verdict, Debtor formed Peerless Logistics Systems Atlanta, LLC and fraudulently drained Peerless of its resources and revenues, including the redirecting of Peerless revenues into bank accounts under Debtor's control.

19. On or about January 25, 2023, the Fulton County Superior Court held oral argument on various post-judgment motions (the "Post-Judgment Motions"), including a Motion for

4

Contempt against Debtor and Debtor's Motion for Judgment Notwithstanding the Verdict (the "JNOV Motion").

20. On February 21, 2023, Debtor filed her *Notice of Appeal* of the Judgment and denial of the JNOV Motion (the "Appeal").

21. On April 12, 2023, Debtor sought an extension of time within which to file the transcripts of the evidence and proceedings on appeal.

22. On April 26, 2023, the Clerk transmitted a letter to Debtor regarding the rejection of the Appeal.

23. On July 28, 2023, the Fulton County Superior Court entered an order on the Post-Judgment Motions: (i) finding Debtor in contempt and imposing a fine of $5,000, (ii) imposing a daily $5,000 fine against Debtor until she returns unauthorized distributions totaling $175,231.36 to Peerless, (iii) awarding attorneys' fees in the amount of $16,850.15 (the "Omnibus Order").

**The Business Court Case**

24. On or about July 7, 2021, Plaintiffs commenced an *Application for the Dissolution of Peerless Logistics Systems, LLC*, Case No. 21-GSBC-0024 (the "Business Court Case"). In August of 2021, pursuant to a Consent Order, a receiver was appointed for Peerless.

25. Plaintiffs allege that during the Business Court Case, Debtor continued the active and intentional deletion of evidence in violation of an order requiring the preservation of evidence. On September 15, 2022, the Court in the Business Court Case entered an order holding Debtor in contempt (the "Contempt Order"), which included an award of attorneys' fees in the amount of $16,000 (the "Attorneys' Fee Award").

5

26. At a hearing on October 25, 2022, Debtor claimed that she could not pay the Attorneys' Fee Award on account of "poverty." Debtor was ordered to pay the Attorneys' Fee Award by October 31, 2022, or provide financial records to substantiate her claim of poverty.

27. Plaintiffs allege that while claiming poverty, Debtor (i) had an operating company into which Debtor and Federal Express deposited funds, (ii) drove a Porsche titled in Graham's name, and (iii) made deposits into her Fidelity investments account, transferred funds from an Emory credit union account into her Truist account, and collected rent from a tenant.

28. Plaintiffs allege that during a deposition in June 2023, Debtor indicated she would file bankruptcy if the Business Court Case did not settle.

## The 2022 Real Property Transfers

29. After entry of the Contempt Order and Attorneys' Fee Award, on November 1, 2022, Debtor transferred the Hosea Williams Property to Debtor and Graham as *Joint Tenants with Right of Survivorship* pursuant to a Quitclaim Deed recorded at Book 30646, Page 92, DeKalb County Records.

30. After entry of the Contempt Order and Attorneys' Fee Award, on November 1, 2022, Debtor transferred the Stone Mountain Property to Debtor and Graham as *Joint Tenants with Right of Survivorship* pursuant to a Quitclaim Deed recorded at Book 30646, Page 95, DeKalb County Records.

31. After entry of the Contempt Order and Attorneys' Fee Award, on November 1, 2022, Debtor transferred the Arlington Property to Debtor and Graham as *Joint Tenants with Right of Survivorship* pursuant to a Quitclaim Deed recorded at Book 30646, Page 98, DeKalb County Records.

**The Divorce**

32. On June 6, 2023, Graham filed a *Complaint for Divorce* styled *Vernon William Graham v. Daidrie Langley Graham*, Case No. 2023CV381151, Fulton County Superior Court (the "Divorce").

33. On June 6, 2023, Graham filed in the Divorce a *Settlement Agreement* executed by Graham and Debtor (the "Divorce Settlement") to be incorporated into a *Final Judgment and Divorce*.

34. On June 6, 2023, Debtor filed her *Defendant's Acknowledgement of Service, Waiver of Formal Process Waiver of Venue and Personal Jurisdiction Waiver of Jury Trial and Consent to Trial in 31 Days*.

35. The Divorce was uncontested. On July 7, 2023, Graham filed in the Divorce a *Motion for Judgment on the Pleadings* on July 7, 2023, along with a proposed *Final Judgment and Decree*.

36. On July 12, 2023, the Fulton County Superior Court entered its *Final Judgment and Decree of Divorce*, incorporating the Divorce Settlement.

37. No counsel appeared on behalf of Debtor in the Divorce.

38. The Divorce Settlement provided, among other things, that Debtor was obligated to transfer all of her interest in all real property to Defendant. The Divorce Settlement obligated Debtor to transfer to Graham all funds in a joint bank account at Truist Bank, account number ending in 4284 (the "Bank Account Transfer").

7

**The 2023 Real Property Transfers**

39. On July 24, 2023, Debtor transferred all of her interests in and to the Residence to Graham pursuant to a Quitclaim Deed recorded at Book 67023, Page 315, Fulton County Records (the "Residence 2023 Transfer").

40. On July 24, 2023, Debtor transferred all of her interests in and to the Arlington Property to Graham pursuant to a Quitclaim Deed recorded at Book 31014, Page 507, DeKalb County Records (the "Arlington 2023 Transfer").

41. On July 24, 2023, Debtor transferred all of her interests in and to the Stone Mountain Property to Graham pursuant to a Quitclaim Deed recorded at Book 31015, Page 200, DeKalb County Records (the "Stone Mountain 2023 Transfer").

42. On July 24, 2023, Debtor transferred all of her interests in and to the Hosea Williams Property to Graham pursuant to a Quitclaim Deed recorded at Book 31017, Page 220, DeKalb County Records (the "Hosea Williams 2023 Transfer").

43. The Residence 2023 Transfer, the Arlington 2023 Transfer, the Stone Mountain 2023 Transfer, and the Hosea Williams 2023 Transfer are hereinafter referred to as the "2023 Real Property Transfers."

**The Ring**

44. On information and belief, in June of 2021, Debtor purchased for herself a diamond ring from D. Geller & Sons for the price of $50,427 (the "Ring"). On information and belief, Debtor used Peerless funds to purchase the Ring.

45. On information and belief, after appointment of the receiver for Peerless, Debtor gave possession of the Ring to Marsel Spears.

46. On March 2, 2023, Debtor executed a "Loan Agreement" in favor of Marsel Spears ostensibly for a $30,000 loan. The "Loan Agreement" states that the loan would be repaid "commencing no later than one year after the end of the current lawsuit."

47. Trustee has not identified any advance of funds by Marsel Spear.

48. The Ring was not identified as an asset in Debtor's *Schedule A/B: Property* (Doc. No. 11, Page 4 of 45) filed December 27, 2023. Marsel Spears was not identified in Debtor's *Schedule D: Creditors Who Have Claims Secured by Property* (Doc. No. 11, Page 10 of 45) filed December 27, 2023.

49. Neither the Ring nor Marsel Spears was identified in the Amendment filed to Debtor's Schedules and *Statement of Financial Affairs* on January 9, 2024 (Doc. No. 15).

50. In her *Amended Schedule A/B: Property* filed January 6, 2024, Debtor included the Ring as an asset (Doc. No. 16, Page 4 of 18). In her *Amended Schedule D: Creditors Who Have Claims Secured by Property* filed January 16, 2024, Debtor included Marsel Spears as a creditor with a $30,000 claim secured by the Ring (Doc. No. 16, Page 8 of 18)(the "Amended Schedule D").

## Count I
### (Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2))

51. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 51 above as though fully set forth herein.

52. The Divorce Settlement represents a transfer as defined in 11 U.S.C. §101(54).

53. Debtor entered into the Divorce Settlement within one (1) year of the Petition Date.

54. The 2023 Real Property Transfers occurred within one (1) year of the Petition Date.

55. The Bank Account Transfer occurred within one (1) year of the Petition Date.

9

56. Debtor entered into the Divorce Settlement with the actual intent to hinder, delay, or defraud creditors, including Plaintiffs.

57. The 2023 Real Property Transfers were made with the actual intent to hinder, delay, or defraud creditors, including Plaintiffs.

58. The Bank Account Transfer was made with the actual intent to hinder, delay, or defraud creditors, including Plaintiffs.

59. The Divorce Settlement, 2023 Real Property Transfers, and Bank Account Transfer were all part and parcel of a scheme to divest Debtor of her assets in anticipation of filing bankruptcy.

60. Accordingly, Debtor should be denied discharge pursuant to 11 U.S.C. § 727(a)(2) because Debtor transferred property of Debtor within one (1) year of the Petition Date with the intent to hinder, delay, or defraud (i) creditors, including Plaintiffs, and (ii) Trustee.

## Count II
### (Denial of Discharge Pursuant to 11 U.S.C. §727(a)(4))

61. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 60 above as though fully set forth herein.

62. Debtor transferred possession of the Ring to Marsel Spears with the intent of hindering, delaying, or defrauding Plaintiffs and the receiver for Peerless.

63. On information and belief, there was no consideration for the "Loan Agreement" with Marsel Spears.

64. On information and belief, the alleged "Loan Agreement" with Marsel Spears is an attempt to dissuade Trustee from administering the Ring as an asset of the Bankruptcy Estate.

65. On information and belief, the "Loan Agreement" is an attempt to protect the Ring from the claims of creditors.

10

66. On information and belief, the "Loan Agreement" is an attempt to protect the Ring from administration by Trustee.

67. Debtor's Amended Schedule D was made under oath and under penalty of perjury.

68. Debtor's Amended Schedule D identify Marsel Spears as a creditor was false.

69. Debtor knowingly and fraudulently made the false oath in Debtor's Amended Schedule D.

70. According, Debtor should be denied discharge pursuant to 11 U.S.C. § 727(a)(4) because Debtor knowingly and fraudulently made a false oath or account.

WHEREFORE, Trustee prays enter judgment against Debtor denying Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (4), and awarding such other relief as is appropriate.

Dated: May 2, 2024

> LAMBERTH, CIFELLI,
> ELLIS & NASON, P.A.
> *Attorneys for Trustee*
>
> By: */s/ G. Frank Nason, IV*
>     G. Frank Nason, IV
>     Georgia Bar No. 535160
>     fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373

11